

FILED
2018 Jun-27  PM 12:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

| | | |
|---|---|---|
| **TUSCALOOSA ALUMNI CHAPTER-KAPPA ALPHA PSI FRATERNITY, INC.,** | ) ) ) ) | |
| **Plaintiffs** | ) ) | **Case No.:** |
| **v.** | ) ) | |
| **CYPRESS INN a/k/a BLACK WARRIOR CORPORATION** | ) ) ) | **JURY DEMANDED** |
| **Defendant.** | ) | |

## COMPLAINT

## I.   INTRODUCTION

This is a suit authorized and instituted pursuant to the "Civil Rights Act of 1866," 42 U.S.C. § 1981 and "Title II of the Civil Rights Act of 1964," 42 U.S.C. § 2000a.  The jurisdiction of this Court is invoked to secure protection of and redress deprivation of rights secured 42 U.S.C. §§ 1981 and 2000a providing for injunctive and other relief against race discrimination.

By refusing Plaintiffs service, Defendant has denied Plaintiffs the right to make and enforce contracts on the same basis as white citizens, in violation of 42 U.S.C. § 1981, and denied Plaintiffs the full equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of the Cypress Inn restaurant,

in violation of 42 U.S.C. § 2000a.

## II.    JURISDICTION AND VENUE

2.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4); and 42 U.S.C. § 2000a-6.

3.     The unlawful employment practices alleged hereinbelow were committed by the defendant within Tuscaloosa County, Alabama. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

4.     The federal claims in this action arise under legislation appropriately enacted by the United States Congress under the Commerce Clause of the Constitution of the United States, Article One, Section 8, Clause Three, and under legislation appropriately enacted by the United States Congress to enforce the Thirteenth Amendment to the Constitution of the United States.

## III.   PARTIES

5.     Plaintiffs, Tuscaloosa Alumni Chapter-Kappa Alpha Psi Fraternity, Inc. ("Kappa Alpha Psi" or "Plaintiffs"), is a fraternal organization whose members are predominantly African-American.

6.     Defendant, Cypress Inn a/k/a Black Warrior Corporation ("Cypress Inn" or "Defendant"), is an Alabama corporation with its principal place of business located at 501 Rice Mine Road, Tuscaloosa, AL 35406.  Defendant owned and

maintained control over the Cypress Inn at all times pertinent to this lawsuit. Thus, the Defendant committed, authorized, sanctioned, ratified, and approved the unlawful policies, actions, and conduct described and complained of herein.

## IV.   FACTS AND CLAIMS

7.      On or around December 15,  2017, the Plaintiffs sought to rent the Cypress Inn's Annex Pavilliion for a social event set to occur on February 23, 2018. Plaintiffs representatives were informed by Cypress Inn representatives that there was a $1,500.00 reservation fee needed before the event could be booked.  To that end, the Plaintiffs promptly paid the Cypress Inn $1,500.00 to reserve the venue.

8.      On or about February 6, 2018, Plaintiffs' representative [African-American male] met with the Cypress Inn's representative [White female] in person to finalize the details of the event.  At that time the Cypress Inn represented that the event could not go forward.  A comment was made by the Cypress Inn representative that she did not know the Plaintiffs were an "all black" group.

9.       The Cypress Inn refused to allow the Plaintiffs to rent the Annex Pavillion for the social event citing insufficient security personnel as a reason. Plaintiffs volunteered to provide added security at their own expense but that offer was rejected.

10.     The Plaintiffs also inquired whether insurance coverage was an issue and produced proof of insurance and pledged to sign a waiver to hold the Cypress Inn harmless from any liability related to the event.  The Cypress Inn rejected this proposal as well.  Plaintiffs even presented the Defendant with pictures of past events and stated that their membership was comprised of African-American professionals and business leaders.  The Defendant still refused to rent the venue to them.

11.     Finally, the owner of the Cypress Inn [white female] was contacted regarding the issue and stated that the venue had encountered problems with the Plaintiffs' "kind" before and therefore the decision disallowing their use of the venue would stand.  The Plaintiffs were then refunded the $1,500.00 reservation fee.

12.     The Plaintiffs had already advertised and sold tickets for the event to occur at the Cypress Inn; however, they were forced to refund some tickets and eventually ended up hosting the venue at another location.  This caused the Plaintiffs to lose money as this was a fund-raising event to benefit local mentoring programs.

## V.     COUNTS

### COUNT ONE

### RACE DISCRIMINATION
### IN VIOLATION OF 42 U.S.C. §1981

13.     The Plaintiffs reallege and incorporates by reference paragraphs 1- 12

4

above with the same force and effect as if fully set out in specific detail hereinbelow.

14.     At all times material to this action, Plaintiffs, while seeking services from Defendant, presented themselves in a fit and proper manner, both in terms of dress and conduct.

15.     Defendant refused to provide Plaintiffs services on the same basis as it provides such services to similarly situated White customers.  Defendant so acted because of Plaintiffs' race.

16.     At all times relevant to the events described in Paragraphs 1 through 12 above, the supervisors, managers and other employees of the Cypress Inn were acting (both apparently and in fact) within the scope of their employment and were acting (both apparently and in fact) in their capacities as employees, agents, and/or representatives of the Defendant.

17.     The discriminatory practices described in Paragraphs 1 through 12 above were carried out under the Defendant's direction, authority, control, and supervision, and with the Defendants consent, encouragement, knowledge, and ratification.

18.     The Defendant's actions were undertaken intentionally and purposefully, with racially discriminatory animus, for the purpose of denying Plaintiffs equal treatment on the basis of their race. Defendant acted maliciously, in

bad faith, and with willful, callous, wanton, and reckless disregard for Plaintiffs' federally protected rights.

19.     By the actions described in Paragraphs 1 through 12 above, the Defendant denied Plaintiffs the same right to make and enforce contracts as enjoyed by White citizens of the United States, in violation of 42 U .S .C . § 1981 .

20.     By the actions described in Paragraphs 1 through 12 above, Defendant has deprived Plaintiffs of the equal enjoyment of the benefits, privileges, terms, and conditions of a contractual relationship on the same basis as White persons.

21.     As a proximate result of the actions of Defendant described in Paragraphs 1 through 12 above, Plaintiffs have suffered, continue to suffer, and will in the future suffer great and irreparable loss and injury including, but not limited to, humiliation, embarrassment, emotional distress, and mental anguish.

22.     The conduct alleged herein occurred pursuant to a pattern and practice on the Cypress Inn's part of discriminating against African-Americans in the provision of services.

## COUNT II

## RACE DISCRIMINATION
## IN VIOLATION OF 42 U .S.C. § 2000a

23.     Plaintiffs reallege and incorporate by reference Paragraphs 1 through

22 above, as if set forth fully herein .

24.     The Cypress Inn restaurant described herein is a "place of public accommodation" within the meaning of 42 U.S .C . § 2000a.

25.     The operations of the subject Cypress Inn restaurant affects interstate commerce within the meaning of 42 U .S .C. § 2000a.  It serves or offers to serve interstate travelers and/or a substantial portion of the food that they serve or other products that they sell have moved in interstate commerce.

26.     But for Defendant's discriminatory practices described above, Plaintiffs could, and would, visit the subject Cypress Inn restaurant in the future.

27.     Plaintiffs attempted to avail themselves of the full benefits and enjoyment of a public accommodation, but Defendant has denied them the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of a place of public accommodation, on the basis of race, in violation of 42 U.S.C. § 2000a.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

(a)     Enter a declaratory judgment finding that the actions of the Defendant as alleged in this Complaint violated 42 U.S .C . §§ 1981 and 2000a;

(b)     Enter a permanent injunction barring the Defendant from continuing to engage in illegally discriminatory conduct against Plaintiffs and other African-Americans who might attempt to rent the Cypress Inn restaurant in the future;

(c)     Enter a permanent injunction directing that Defendant take all affirmative steps necessary to remedy the effects of the illegally discriminatory conduct alleged in this Complaint and to prevent repeated occurrences in the future;

(d)     Award compensatory damages in an amount that would fully compensate the Plaintiffs for their damages, including but not limited to their humiliation, embarrassment, emotional distress, and mental anguish caused by Defendant's violations of the law, as alleged in this Complaint;

(e)     Award punitive damages to Plaintiffs in an amount sufficient to punish Defendant for the intentional, malicious, callous, bad faith, willful, wanton, and reckless misconduct alleged in this Complaint and that would effectively deter Defendant from future discriminatory behavior;

(f)     Award Plaintiffs their attorneys' fees and costs; and

(g)     Order such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

s/Roderick T. Cooks
Roderick T. Cooks
Lee D. Winston
Reginald McDaniel
Counsel for the Plaintiffs

**OF COUNSEL:**
Winston Cooks, LLC
The Financial Center
505 20th Street North, Suite 815
Birmingham, AL 35203
Website: www.winstoncooks.com
Contact: (205) 502-0970
Fax: (205) 278-5876

Law Offices of Reginald D. McDaniel
3720 4th Avenue South
Birmingham, AL 35222
205-222-8656 office/mobile
205-433-6130 office
888-357-8447 fax
www.reginaldmcdaniel.com

**DEFENDANT'S ADDRESS**
Cypress Inn a/k/a Black Warrior Corporation
501 Rice Mine Road North
Tuscaloosa, AL 35406